IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
(COVINGTON)

*ELECTRONICALLY FILED*

| | |
|---|---|
| **RENEE WELLS,** : |  |
| : |  |
| **Plaintiff,** : |  |
| : |  |
| vs. : | **CASE NO. 2:14-cv-00123-DLB-JGW** |
| : |  |
| **H.W. TEMPS, INC.,** : |  |
| : |  |
| **Defendant.** : |  |
| : |  |

**DEFENDANT'S ANSWER AND DEFENSES IN
RESPONSE TO PLAINTIFF'S COMPLAINT**

Defendant H.W. Temps, Inc. ("Defendant"), by and through its attorneys, Jackson Lewis P.C., files its Answer and Defenses in response to Plaintiff's Complaint ("Complaint"), and states as follows:

1. Defendant admits that Plaintiff purports to bring claims under federal and Kentucky law. Defendant denies any remaining allegations in Paragraph 1 of the Complaint.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Defendant admits that venue is appropriate in this Court. Defendant denies any remaining allegations in Paragraph 3 of the Complaint.

4. Defendant incorporates Paragraphs 1-3 by reference.

5. Defendant denies that Plaintiff was unlawfully terminated. Defendant admits the remaining allegations in Paragraph 5 of the Complaint.

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Defendant incorporates Paragraphs 1-6 by reference.

8. Defendant admits that Plaintiff was hired as On Site Manager for H.W. Staffing on or about May 23, 2013. Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant admits that Plaintiff's employment was terminated on or about December 10, 2013. Defendant admits that she was told she was not a good fit. Defendant denies any remaining allegations in Paragraph 12 of the Complaint.

13. Defendant admits the allegations in Paragraph 13 of the Complaint.

14. Defendant incorporates Paragraphs 1-13 by reference.

15. Paragraph 15 contains legal conclusions for which no response is required.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant incorporates Paragraphs 1-18 by reference.

20. Paragraph 20 contains legal conclusions for which no response is required.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies all allegations in the "WHEREFORE" Paragraph, including all

subparts. Defendant further denies that Plaintiff is entitled to any of the relief she seeks.

25. Defendant denies each allegation in the Complaint that is not expressly admitted in this Answer.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

## THIRD DEFENSE

To the extent that Plaintiff failed to mitigate her damages, Plaintiff is precluded from recovery.

## FOURTH DEFENSE

Plaintiff's claims for relief are barred to the extent they exceed what is available under Kentucky law.

## FIFTH DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by offset, payment, or compensation and benefits received by Plaintiff through subsequent or additional employment or otherwise.

## SIXTH DEFENSE

Plaintiff's claims fail to the extent they are untimely as a matter of statute, contract, or otherwise.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred because they are without merit as a matter of both fact and law.

**EIGHTH DEFENSE**

Plaintiffs' claims fail because Defendant made all decisions relating to Plaintiff based on legitimate reasons.

**NINTH DEFENSE**

To the extent Plaintiff seeks compensatory damages, punitive damages, or attorneys' fees, Plaintiff is not entitled to them because Defendant did not at any time engage in unlawful, reckless, willful, wanton, or malicious conduct toward Plaintiff or with the intent to injure her or with knowledge or belief that injury was substantially certain to occur.

**TENTH DEFENSE**

All employment actions taken with respect to Plaintiff were done for legitimate, non-discriminatory reasons. Alternatively, in the unlikely event that Plaintiff establishes that any alleged prohibited factor was considered in any alleged adverse employment action, Defendant affirmatively asserts that such alleged adverse employment action would have been taken in the absence of such motive.

**ELEVENTH DEFENSE**

Defendant made reasonable and good-faith efforts to comply with federal and Kentucky discrimination laws. Although Defendant denies that any of the unlawful actions alleged by Plaintiff were taken, to the extent they were, they were contrary to Defendant's good-faith efforts to comply with federal and Kentucky law.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred because Defendant applied its business judgment, acted at all times in good faith, and had legitimate, non-discriminatory, non-retaliatory reasons for any employment actions that were unrelated to Plaintiff's race.

**THIRTEENTH DEFENSE**

Defendant reserves the right to supplement this list to add defenses learned as a result of discovery.

**WHEREFORE**, Defendant H.W. Temps, Inc. having fully answered Plaintiff's Complaint, respectfully requests that this Court enter judgment in its favor as follows:

1. Dismiss the Complaint in its entirety, with prejudice;

2. That Defendant be entitled to recover its costs, including reasonable attorneys' fees; and

3. Such further relief in law and equity to which it may be entitled.

Respectfully submitted,

/s/ Patricia Pryor
Patricia Pryor (94207)
Ryan M. Martin (92916)
Jackson Lewis P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
Telephone: (513) 898-0050
Fax: (513) 898-0051
E-mail: pryorp@jacksonlewis.com
E-mail: ryan.martin@jacksonlewis.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 29th day of July, 2014, the foregoing Answer of Defendant was electronically filed using the Court's CM/ECF electronic filing system, which will send notice to Charles T. Lester, Jr., P.O. Box 75069 Fort Thomas, KY 41075, and James Y. Moore, 241 Elm Street, Ludlow, KY 41016.

                                                /s/ Ryan M. Martin
                                                Ryan M. Martin

4836-7732-8156, v. 1